UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

OCT 0 4 2011

CLERK, U.S. DISTRI...
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| WENDY DAVIS; MARC VEASEY; ROY BROOKS; VICKY BARGAS; PAT PANGBURN; FRANCES DELEON; DOROTHY DEBOSE; and SARAH JOYNER | ) ) ) ) ) ) ) | |
| Plaintiffs | ) ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. SA-11-CA-788-OLG-JES-XR |
| RICK PERRY, in his official capacity as Governor of the State of Texas; HOPE ANDRADE, in her official capacity as Secretary of State of the State of Texas; BOYD RICHIE, in his official capacity as Chair of the Texas Democratic Party; and STEVE MUNISTERI, in his official capacity as Chair of the Republican Party of Texas | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants | ) | |

## AMENDED ORDER

This is a voting rights case challenging the redistricting plan for the Texas Senate (Plan S148).

As the parties know, the redistricting plan has not been precleared under Section 5 of the Voting Rights

Act. Preclearance is not a function of this Court, and it has no control over the preclearance process.

The State chose to initiate preclearance proceedings in the U.S. District Court for the District of

Columbia instead of directly through the Department of Justice. That legally permissible choice likely

has delayed a final decision on preclearance, possibly causing delays in the 2012 electoral process.

The Court has implemented an expedited schedule order for the trial of this case. However, the

Court cannot resolve the merits of this case until there is a determination on preclearance. While the

Court will consider all the evidence in this case, it will be in a holding pattern until the D.C. Court has

spoken. Thus, a resolution of the Section 5 preclearance issues prior to the upcoming election deadlines

is becoming more unlikely.

With that in mind, and with the understanding that the Court will continue its work on the claims that have been brought before it, the Court has an obligation to the public to consider other available options so that the 2012 election process may move forward.  One of those options is the consideration of an interim court-ordered plan.  That process will take additional effort and there is very little time to spare, if any.  Thus, the Court will need the parties to continue with their work on the challenged plan and, at the same time, assist the Court in its effort to prepare a possible interim plan that may be implemented as a fair and workable alternative.

It is therefore ORDERED that the following schedule is implemented, to run simultaneously with any other deadlines in this case, with the goal of implementing an interim plan in the event it becomes necessary:

1.    The parties will file briefs by October 7, 2011, that may serve to advise and guide the Court on the process for devising an interim court-drawn plan, including but not limited to:

    a.    Any citations to cases in which a court drew an interim plan under circumstances similar to those herein;

    b.    How the legal parameters for interim plans differ from the standards for drawing remedial maps after a plan has failed to meet requirements under the Constitution or §2 or §5 the Voting Rights Act or any other applicable law;

    c.    Whether there is any precedent for a court's implementation of the current benchmark plan or the legislatively-adopted plan as an interim plan; and

    d.    The estimated time that it may take to devise an interim plan for the Texas Senate.

2.    The parties will prepare their respective proposed plans for the Court's consideration, and those plans will be filed no later than Monday, October 17, 2011.  The proposed plans will include a detailed explanation of why the suggested plans comply with applicable legal standards.[1]  Such

_____

[1]See Chapman v. Meier, 420 U.S. 1, 26-27 (1975) and McDaniel v. Sanchez, 452 U.S. 130, 149 (1981).

explanation may include but is not limited to supporting data and expert opinions.  The supporting data may be attached as an appendix.  The parties should confer as much as possible in order to limit the objections thereto.  The submission of and support of a plan by a party under this interim procedure will not be deemed to preclude or waive that party's right to contend that its favored plan (in the State's case, the legislatively-enacted plan or other plan the State may propose, and in the plaintiffs' case, any other plan they may propose) is also legally sound and, for any reason, more desirable.

3.      The parties will respond to those proposed plans to which they have objections no later than Monday, October 24, 2011.  The objections must be clear, concise and supported by legal authority and/or affidavits of experts.

4.      The parties will file a joint written advisory no later than Friday, October 28, 2011, informing the Court of the following:

    a.      The estimated length of time for a hearing on the proposed plans;

    b.      A list of witnesses and documents that they may offer at the hearing;

    c.      Suggestions as to the manner in which evidence may be presented at the hearing;

    d.      Any other matters that should be brought to the Court's attention at that time.

5.      The Court will hold a hearing, beginning immediately after the hearing on the proposed interim plans in SA-11-CA-360 (the consolidated action), in which the parties will be expected to present their proposed plans.  Each side will be given an opportunity to respond.  The hearing will proceed in trial format, with opening statements, the presentation of the plans, and closing arguments with supporting legal authority.

6.      The Court will appoint David Hanna and Clare Dyer of the Texas Legislative Council as independent technical advisors who will review the plans, advise the Court, and assist the Court in developing an interim plan if the Court decides to proceed with an interim plan.  The advisors

will be present at the hearing and available throughout the process, and other personnel of the

Texas Legislative Council are permitted to assist as needed.  If any party has an objection to the

appointment of Mr. Hanna and/or Ms. Dyer, it should state its objection in its October 7 brief.

Again, this process is meant to ensure that the Court has a viable alternative in the event it

becomes necessary.  It does not supplant the ongoing review of the plan passed by the legislature.

Likewise, nothing in this order should be construed as an indication that the Court or any of its judges

has made a decision on any of the factual or legal issues that have been or will be raised, at trial or

otherwise.  Although the foregoing schedule and procedure is hereby implemented, the parties are

permitted, in their responses, to recommend amendments or alternative procedures (agreed or

contested) to achieve the necessary goals.

SIGNED this 4th day of October, 2011.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE


*And on behalf of:*

Jerry E. Smith                                              Xavier Rodriguez
United States Circuit Judge              *-and-*          United States District Judge
U.S. Court of Appeals, Fifth Circuit                    Western District of Texas