UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WENDY DAVIS; MARC VEASEY; ROY BROOKS; VICKY BARGAS; PAT PANGBURN; FRANCES DELEON; DOROTHY DEBOSE; and SARAH JOYNER, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) ) | CIVIL ACTION NO. SA-1 I -CA-788-OLG-JES-XR |
| RICK PERRY, in his official capacity as Governor of the State of Texas; HOPE ANDRADE, in her official capacity as Secretary of State of the State of Texas; BOYD RICHIE, in his official capacity as Chair of the Texas Democratic Party; and STEVE MUNISTERI, in his official capacity as Chair of the Republican Party of Texas, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### RESPONSE IN OPPOSITION TO DEFENDANT MUNISTERI'S MOTION TO DISMISS

Defendant Steve Munisteri, in his official capacity as chairman of the Republican Party of Texas (hereinafter "Munisteri" and "RPT" respectively), has filed a Motion to Dismiss Claims Pursuant to Rule 21, Federal Rules of Civil Procedure. Plaintiffs respectfully submit this response in opposition to that motion.

### ARGUMENT

Munisteri's motion to dismiss asserts that Munisteri is an improper defendant because "none of the claims asserted by the Davis Plaintiffs' involve actions taken by Munisteri." Motion at 1. In support of this contention, Munisteri claims that he "has not asserted any cross

or counter claims in this case[,]" and further that he "has no interests to protect, nor is his presence in this litigation required for this case to be tried." *Id*. at 2.

Defendant Munisteri misconstrues the reason he has been named as a defendant. As this Court has previously observed in this case (see Document 12, Order of October 3, 2011):

> As the parties know, the redistricting plan has not been precleared under Section 5 of the Voting Rights Act. Preclearance is not a function of this Court, and it has no control over the preclearance process. The State chose to initiate preclearance proceedings in the U.S. District Court for the District of Columbia instead of directly through the Department of Justice. That legally permissible choice likely has delayed a final decision on preclearance, possibly causing delays in the 2012 electoral process. The Court has implemented an expedited schedule order for the trial of this case. However, the Court cannot resolve the merits of this case until there is a determination on preclearance. While the Court will consider all the evidence in this case, it will be in a holding pattern until the D.C. Court has spoken. Thus, a resolution of the Section 5 preclearance issues prior to the upcoming election deadlines is becoming more unlikely.

This Court's October 3, 2011 Order continued:

> With that in mind, and with the understanding that the Court will continue its work on the claims that have been brought before it, the Court has an obligation to the public to consider other available options so that the 2012 election process may move forward. One of those options is the consideration of an interim court-ordered plan. That process will take additional effort and there is very little time to spare, if any. Thus, the Court will need the parties to continue with their work on the challenged plan and, at the same time, assist the Court in its effort to prepare a possible interim plan that may be implemented as a fair and workable alternative.

If preclearance is denied to the proposed state senate plan or no timely preclearance determination is made by the DC Court, then injunctive relief will be appropriate and both of the major political parties will be necessary parties in order for relief to be granted. The reason is that major political parties in Texas, as we explain below, have substantial responsibilities to conduct primary elections. Even in the unlikely event that preclearance is granted, this Court could still order a new plan into effect if the state senate map is found to be violative of Section 2 of the Voting Rights Act or the Constitution, as plaintiffs here have alleged.

In any event, in order to impose an interim plan for the 2012 elections, or to grant full and complete relief in this case, this Court's injunctive orders will have to be directed to the two major political parties in Texas, who have major responsibilities to conduct primary elections, including:

- State Party Chairs certify names of candidates from primaries to appear on the general election ballot. See Texas Election Code, §172.028.
- An application for a place on the general primary election ballot must be filed with: (1) the state chair. See Texas Election Code, §172.028.
- The political parties are responsible for accepting and ruling upon the qualifications of candidates. Candidates are required to file for office with the party. In districts entirely contained within one county, candidates file with the County Party. In districts that are in more than one county, they file with the State Party. See, *e.g*., Texas Election Code, §172.021.
- Political Party County Executive Committees determine the order of names of candidates on the ballot. Texas Election Code, §172.082.
- The party's determine whether a candidate meets, age and residency requirements. *Id*. Political parties also decide whether candidates have filed in a timely manner, meet residency requirements, have paid their filing fee or met signature requirements. Texas Election Code, §172.021.
- The parties are responsible for actually running the primary elections (even though they often contract with local election administrators to use machines, tabulate results, etc.). Texas Election Code, §172.001 and 172.002.
- Parties determine polling locations, Texas Election Code §43.003, as well as design and printing the ballots. Texas Election Code §52.002

The two major political parties are duty bound under Texas law to hold elections under the plan enacted by the Legislature (if that plan is precleared under the Voting Rights Act). But where, as here, there exists the likely possibility that preclearance will not be forthcoming (no trial date in the DC Court has even been set and it is highly unlikely the DC Court can grant summary judgment to the state where the intent and retrogressive impact is at issue), an interim plan will be necessary. And the political parties will have to be subject to this Court's remedial orders in order for any interim plan to be implemented. Munisteri fails to address this issue in his motion to dismiss.

3

There is no harm at all to the political parties remaining as defendants in this case so that relief in the form of an interim remedy can be afforded. No discovery will be taken against them by the plaintiffs. Moreover, it will waste judicial resources for the political parties to be dismissed now only to be added in on motion at a later date (just weeks away) if this Court orders an interim plan into effect.

Finally, it is common in redistricting cases for state political parties to be parties to the litigation for relief purposes. For example, in *Balderas v. State of Texas*, Civ. Action No. 6:01CV158 (E.D. Tex., Nov. 14, 2001) *(per curiam), summarily aff'd*, 536 U.S. 919 (2002), both of the two major political party chairs were defendants in the action. Both of the two major political parties were parties *throughout the Balderas litigation* and both were necessary parties for the purpose of affording complete relief when the three-judge court approved an interim remedial plan in that case that governed the 2002 elections. Similarly, in *League of United Latin American Citizens v. Perry*, 548 U. S. 399 (2006), the State Party Chairs were defendants *throughout the case* and were subject to the remedial order entered by the three-judge court on remand from the U.S. Supreme Court. And in *Terrazas v. Slagle, 789 F. Supp. 828 (W.D. Tex. 1991), aff'd sub nom. Richards v. Terrazas,* 505 U.S. 1214 (1992) (mem.) and *Slagle v. Terrazas*, 506 U.S. 801 (1992) (mem.), the State Party chairs were defendants throughout the litigation. Moreover, in *Upham v. Seamon*, 456 U.S. 37 (1982), the Party Chairs were not only defendants in the litigation but one of the State party Chairs (Chester R. Upham, Jr.,) was the State Chairman of the Republican Party of Texas who appealed the case to the Supreme Court.

## CONCLUSION

For the reasons set forth above, the motion to dismiss should be denied.

Respectfully submitted,

DAVID RICHARDS
State Bar No. 16846000
Richards, Rodriquez and Skeith, LLP
816 Congress Avenue, Suite 1200
Austin, TX 78701
Tel (512) 476-0005
Fax (512) 476-1513

/s/ J. Gerald Hebert
J. GERALD HEBERT
191 Somervelle Street, #405
Alexandria, VA 22304
(703) 628-4673
Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 14th day of October, 2011, I served a copy of the foregoing Plaintiffs' Response to Defendant Munisteri's Motion to Dismiss on counsel who are registered to receive NEFs through the CM/ECF system. All attorneys who have not yet registered to receive NEFs have been served via first-class mail, postage prepaid.

        /s/ J. Gerald Hebert
        J. GERALD HEBERT