IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WENDY DAVIS, et al., ) | |
| Plaintiffs, ) | CIVIL ACTION NO. |
| v. ) | SA-11-CA-788-OLG-JES-XR |
| RICK PERRY, in his official capacity as ) | |
| Governor of the State of Texas, et al., ) | |
| Defendants. ) | |

**DEFENDANT STEVE MUNISTERI'S REPLY TO DAVIS PLAINTIFFS' RESPONSE IN OPPOSITION TO MUNISTERI'S MOTION TO DISMISS**

Defendant Steve Munisteri, in his official capacity as chairman of the Republican Party of Texas ( "Munisteri" and "RPT" respectively), files this Reply to Wendy Davis, Marc Veasey, Roy Brooks, Vicky Bargas, Pat Pangburn, Frances DeLeon, Dorothy Debose, and Sarah Joyner's ("Davis Plaintiffs") Response to his Motion to Dismiss Claims Pursuant to Rule 21, and shows as follows.

The Davis Plaintiffs' Response failed to address any of Munisteri's arguments contained in his Motion to Dismiss except to assert that Munisteri needs to be a party in order for relief to be granted. That is simply not the case. Munisteri, as noted in his Motion, has agreed to abide by this Court's ruling regardless of whether he is a named party to this litigation, and will conduct the Republican Primary pursuant to any and all orders issued by this Court, including, but not limited to interim plans, remedial plans, changed deadlines and/or eligibility requirements related to residency. While it might be "common" for party chairmen to be named as defendants in redistricting litigation, that does not make their presence in such litigation necessary. Munisteri has already been dismissed from the *Perez* litigation concerning

1

Congressional and State House plans (without objection[1], including Davis Plaintiffs' counsel who participated in that case and did not feel Munisteri was a necessary party there, but contrarily does here); this does not mean he will somehow be exempt from abiding by this Court's orders in that case related to interim or remedial maps or changed filing deadlines. Munisteri also questions the Davis Plaintiffs' reasoning for opposing his Motion to Dismiss. If Munisteri is a necessary party as chair of RPT for purposes of injunctive relief, then the Davis Plaintiffs have failed to join all of the Republican and Democratic County Chairmen in each of 254 Texas Counties as party-Defendants to this litigation. These County Chairmen, along with their respective County Executive Committees, are solely responsible for the conduct of the General Primary election in their respective counties. They are similarly situated to Munisteri, yet they are not named defendants. In fact, Munisteri lacks any authority to accept applications for a place on the ballot for state senate districts wholly contained in a single county such as those in Bexar, Dallas, Harris or Tarrant Counties. Therefore, under the Davis Plaintiffs' argument, they will fail to gain complete injunctive relief without those defendants being named as parties to this suit as well. Moreover, consolidated Plaintiffs League of United Latin American Citizens and Domingo Garcia ("LULAC") failed to name RPT as a Defendant in their action filed two days ago, which under the Davis Plaintiffs' reasoning would prevent their fellow Plaintiff LULAC from gaining the relief sought.

Of course, their reasoning is without merit just as this Court recognized in the *Perez* consolidated cases. Complete relief can be afforded Plaintiffs in Munisteri's absence as a party since he will conduct the General Primary election in accordance with this Court's order, just as the un-joined County Chairmen will; similarly, there will be no impediment to the full and fair

---

[1] In fact, Davis Plaintiff's counsel in *Quesada v. Perry,* 11-CV-592-OLG-JS-XR, *consolidated into Perez v. Texas,* 11-CV-360-OLG-JS-XR failed to name RPT as a Defendant in that litigation and clearly recognizes that Munisteri is not a necessary party for any purpose which would include injunctive relief.

development of the facts as a result of Munisteri's absence.  Rule 20(a) requires that a right to relief be asserted against joined defendants. Therefore, "[a] misjoinder of parties . . . frequently is declared because no relief is demanded from one or more of the parties joined as defendants." *Letherer v. Alger Group,* 328 F.3d 262, 267 (6th Cir. 2003), *overruled on other grounds by Powerex Corp. v. Reliant Energy Servs.,* 551 U.S. 224 (2007). (quoting 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1683, at 475-76 (3d ed. 2001)).  To cure misjoinder, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21.

In consideration of the above, Defendant Steve Munisteri, chair of the Republican Party of Texas, prays that this honorable Court find that he is not a required party, his inclusion by Davis Plaintiffs as a party-Defendant was misjoinder, and/or dismiss all claims by the Davis Plaintiffs against him, and for such other and further relief for which he may be justly entitled at law or in equity.

Respectfully submitted,

*/s/ Donna García Davidson*
Donna García Davidson
P.O. Box 12131
Austin, TX 78711
(512) 775-7625
Fax: (877) 200-6001

Eric Opiela
Asst. General Counsel
Republican Party of Texas
Texas Bar No. 24039095
1122 Colorado, Suite 2301
Austin, TX 78701
(512) 791-6336
FAX (512) 250-3102

**COUNSEL FOR DEFENDANT STEVE MUNISTERI**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant Steve Munisteri's Reply to Davis Plaintiffs Response in Opposition to Defendant's Motion to Dismiss has been sent on October 20, 2011, to the following by the means noted:

**Via CM/ECF and Email:**

Chad W. Dunn
Brazil & Dunn
FM 1960 West, Suite 530
Houston, Texas 77068
(281) 580-6310
chad@brazilanddunn.com

**Attorneys for Texas Democratic Party and Boyd Richie**

David J. Schenck
david.schenck@oag.state.tx.us
Matthew Hamilton Frederick
matthew.frederick@oag.state.tx.us
Angela V. Colmenero
angela.colmenero@oag.state.tx.us
Ana M. Jordan
ana.jordan@oag.state.tx.us
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, TX 78711
(512) 463-2120
Fax: (512) 320-0667

**Counsel for Defendants State of Texas, Rick Perry, Hope Andrade, David Dewhurst, and Joe Straus**

David Richards
Richards, Rodriguez & Skeith LLP

816 Congress Avenue, Suite 1200
Austin, TX 78701
 davidr@rrsfirm.com

J. Gerald Hebert
J. Gerald Hebert, P.C.
191 Somervelle Street, #405
Alexandria, VA 22304
(703) 628-4673
Fax: 202-639-6066
Email: hebert@voterlaw.com

**Attorneys for Plaintiffs Wendy Davis, Marc Veasey, Roy Brooks, Vicky Bargas, Pat Pangburn, Frances DeLeon, Dorothy Debose, and Sarah Joyner**

Luis Roberto Vera, Jr.
LULAC National General Counsel
111 Soledad
San Antonio, Texas 78205-2260
Office (210) 225-3300 / Fax (210) 225-2060
lrvlaw@sbcglobal.net

**Attorney for Plaintiffs League of United Latin American Citizens (LULAC) and Domingo Garcia**

 */s/ Donna Garcia Davidson*
Donna Garcia Davidson