# In the United States District Court for the Western District of Texas

| | | |
|---|---|---|
| WENDY DAVIS, ET AL. | § | |
| | § | |
| v. | § | SA-11-CV-788 |
| | § | |
| RICK PERRY, ET.AL. | § | |

**ORDER**

The court adopts PLAN S164 as the interim plan for the districts used to elect members in 2012 to the Texas Senate. A map showing the redrawn districts in PLAN S164 is attached to this Order as Exhibit A. The textual description in terms of census geography for PLAN S164 is attached as Exhibit B. The statistical data for PLAN S164 is attached as Exhibit C. This plan may be also viewed on the DistrictViewer website operated by the Texas Legislative Council (http://gis1.tlc.state.tx.us/) under the category "Court-ordered interim plans." Additional data on the Court's interim plan can be found at the following website location maintained by the Texas Legislative Council under the "Announcements" banner: http://www.tlc.state.tx.us/redist/redist.htm.

This interim map is not a ruling on the merits of any claims asserted by the Plaintiffs in this case or the case pending before the three-judge panel in the United States District Court for the District of Columbia.

In drawing a Senate map, the court was faced with factual and legal concerns very different from those faced in regard to the Congressional and State House maps. Thus, the manner in which the State Senate map is drawn is quite different from the manner in which the Congressional and State House maps are drawn, and any comparison would be misleading and unfounded.

In drawing this map, all proposed maps, including the State's enacted map, were considered. The only objections raised to the State's enacted map in this litigation concerned Senate District 10, and no other portions of the map were objected to. Further, the Department of Justice has asserted no objection to the plan before the three-judge panel in the United States District Court for the District of Columbia. As a result, the Court concluded that the appropriate exercise of "equitable discretion in reconciling the requirements of the Constitution with the goals of state political policy,"[1] was to maintain the status quo from the benchmark plan with regard to Senate District 10 pending resolution of the litigation in the District of Columbia but otherwise to use the enacted map as much as possible.[2]

---

[1] *Connor v. Finch*, 431 U.S. 407, 414 (1977). Although *Connor* and other Supreme Court opinions require population equality in court-drawn maps, the Court notes that Plaintiffs have not raised an equal protection challenge to the population deviations in the Legislature's enacted map. Thus, insofar as the Court is utilizing the Legislature's enacted map, it is using the portions of the map to which no party or the DOJ has objected in order not to disturb legislative choices any more than necessary. This was not possible in the State House and Congressional maps, given the numerous challenges to the State's enacted House map and the mandate to achieve *de minimis* population deviation in the Congressional map.

[2] Five districts (9, 10, 12, 22, and 30) are different from the enacted map, but changes to districts 9, 12, 22, and 30 are the result of keeping district 10 the same as in the benchmark.

Though the State objects to the configuration of Senate District 10 and contends that there is no legal justification for the Court's configuration of that district because there is no legal wrong requiring a remedy, the Court notes that this is not a remedial map.  The Court's configuration of Senate District 10 is not a merits determination on the challenges raised in this case or the case before the three-judge panel in the United States District Court for the District of Columbia.  As this Court noted in its order denying summary judgment, the fact remains that the Legislature's enacted map has not been precleared by the three-judge panel in the United States District Court for the District of Columbia and thus may not be implemented, nor may this Court consider the merits of the challenges brought in this litigation.[3]  Using the State's unprecleared map in its entirety would improperly bypass the preclearance proceedings in the United States District Court for the District of Columbia. Thus, the Court's map, as an interim map, simply maintains the status quo as to the challenged district pending resolution of the preclearance litigation, while giving effect to as much of the policy judgments in the Legislature's enacted map as possible.

SIGNED on behalf of the panel this 23rd day of November, 2011.

_____/s/_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

---

[3] *Lopez v. Monterey County*, 519 U.S. 9, 20 (1996).

4