UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **WENDY DAVIS, MARC VEASEY, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | Civil No. SA-11-CA-788-OLG-JES-XR |
| ) | [LEAD CASE] |
| **RICK PERRY, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| **LEAGUE OF UNITED LATIN AMERICAN CITIZENS (LULAC), et al.** ) ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| VS. ) | Civil No. SA-11-CA-855-OLG-JES-XR |
| ) | [CONSOLIDATED CASE] |
| **RICK PERRY, et al.,** ) | |
| ) | |
| Defendants ) | |
| ) | |

**SUPPLEMENTAL ORDER ON ATTORNEYS' FEES**

On this date, the Court considered Plaintiffs' Supplemental Filing in Support of the Davis Plaintiffs' Motion for Attorneys' Fees, Expenses, and Costs (docket no. 216). In its prior Order, the Court denied fees for work performed by Cheryl Olson because Plaintiffs had not demonstrated that she was qualified by virtue of education, training, or work experience to perform substantive legal work. However, the Court permitted Plaintiffs to supplement the record with such evidence, and Plaintiffs have done so.

The Court has reviewed the Declaration of Cheryl Olson and finds that Plaintiffs have demonstrated that she is qualified by virtue of her education, training, and work experience to perform substantive legal work. The Court will therefore determine a reasonable award of attorneys' fees based on her work.

The Davis Plaintiffs seek paralegal fees for Cheryl Olson in the amount of $8,927.50 (31.75 hours at rates between $280 and $295). The term "attorney's fee" has historically included fees for paralegal services. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 582 (2008). However, "[p]aralegal work can only be recovered as attorney's fees if the work is legal rather than clerical." *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982) (paralegal expenses are separately recoverable only as part of a prevailing party's award for attorney's fees and expenses, and even then only to the extent that the paralegal performs work traditionally done by an attorney; otherwise, paralegal expenses are separately unrecoverable overhead expenses).

**A. Hours Reasonably Expended**

Defendants argue that the Court should deny or reduce any award for work performed by Olson because the work was clerical in nature and was block-billed. Defendants also argue that the requested hourly rates are excessive. The Court has previously ruled that although Jenner & Block utilized block-billing, this does not require an across-the-board reduction in fees because the Court is able to determine whether the time spent on the listed tasks is reasonable. The same is true for Olson's time entries.

The Court has reviewed Defendants' specific objections to Olson's time entries, which include "block billing," "duplicative with internal and/or external counsel," and "clerical, administrative." Olson submits several entries for cite checking and reviewing and revising appellees' brief in the Supreme Court. Olson's Declaration states that she reads the case law to ensure that cited cases provide legal and factual support for the propositions for which they are cited, and ensures compliance with the Court's local rules and with Bluebook requirements. The Court finds that Olson's time spent cite checking, reviewing, and revising briefs is compensable legal work since this work would be performed by an attorney if Olson had not performed it.

These time entries are sometimes block-billed with other entries, which makes it difficult to determine exactly how many hours were billed for cite-checking, reviewing, and revising. The Court finds that ten hours is a reasonable amount of time for cite checking, reviewing, and revising appellees' brief, which was forty-six substantive pages, plus a table of contents, table of authorities, and three-page appendix. Olson has billed 8.75 hours related to the reply brief, which was forty-five

substantive pages, plus a table of contents and table of authorities and a four-page supplemental appendix. The Court reduces that by .5 hours (less .25 hours for "assisted in filing and serving reply brief" and less .25 hours for formatting the four-page supplemental appendix), for a total of 8.25 hours. Olson also states that she ensured that the preparation of appendices and the filing of the material with the Supreme Court complied with all applicable Supreme Court rules. The Court finds that this activity is clerical, given that it could be performed by a legal secretary and does not require legal expertise. Accordingly, the Court makes the following reductions:

- 12/01/2011 entry is reduced by 1.25 hours because "reviewed and organized appendix materials" and "assisted in filing and serving opposition to emergency application for a stay" is vague and clerical and the Court is unable to determine precisely how much time was billed for these activities given the use of block billing (when combined with the 11/30/2011 entry of 2.5 hours, this leaves a total of 3.5 hours for cite checking the opposition to emergency application for a stay).

- 12/15/2011 entry for "met with C. Lopez re filing requirements for merits brief" is disallowed as vague and clerical.

- 12/16/2011, 12/19/2011, 12/20/2011, and 12/21/2011 entries are reduced from 16.75 to 10 hours for cite checking, reviewing, and revising appellees' merits brief, and the rest is disallowed as clerical or excessive, as discussed above.

- 12/22/2011 entry of .75 for "assisting in filing and serving printed versions of appellees brief" is disallowed as clerical.

- 12/30/2011 and 1/2/2012 entries of 6.25 hours for "cite checked reply brief; formatted supplemental appendix" and 1.25 hours for "reviewed and revised reply brief; assisted in filing and serving reply brief" are reduced by .5 hours as discussed above, for a total time of 8.25 hours for cite checking, reviewing, and revising the reply brief.

This results in a total of 21.75 hours (a reduction of ten hours, and includes 3.5 hours for work related to the opposition to the stay motion, 10 hours related to the merits brief, and 8.25 hours related to the reply brief).

**B. Reasonable Hourly Rate**

This Court has previously determined that the prevailing market rates of the forum should govern. The Court takes judicial notice that the State Bar of Texas Legal Assistant Division has

surveyed its membership, and the median hourly rate for a paralegal in Texas and in San Antonio was found to be $107. *See Structural Metals, Inc. v. S&C Elec. Co.*, No. 09-CV-984-XR, 2013 WL 3790307, at * 10 (W.D. Tex. July 19, 2013). District courts in Texas have held that paralegal hourly rates between $60 and $200 are reasonable. *Id.* (noting that Texas courts have found a rate of $125 to be reasonable)(citing *Richardson v. Tex–Tube Co.*, 843 F. Supp. 2d 699, 709 (S.D. Tex.2012) *Gromer v. Mack*, No. 3:11–CV–0682–D, 2012 U.S. Dist. LEXIS 847, at *3–5, 2012 WL 28835 (N.D. Tex. Jan.4, 2012); *Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, Civ. A. No. H–11–3025, 2013 WL 487032, at *8 (S.D. Tex. Feb. 6, 2013) (finding a rate of $175 reasonable for a senior paralegal in Houston)); *see also Coach, Inc. v. Sassy Couture*, No. SA-10-CV-601-XR, 2012 WL 3249470 (Aug. 7, 2012) (awarding $90 per hour); *see also DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 325 (W.D. Tex. 2007) ($130 to $200 were reasonable rates).

Olson is the head paralegal and senior paralegal/paralegal coordinator at a large firm, and has over twenty years of experience as a paralegal. Considering Olson's experience, the median hourly rate, and awards in past cases, the Court finds that $125 is a reasonable hourly rate for her services.

### C. Calculation of the Lodestar

The lodestar for Olson's work is 21.75 hours times $125, for a total award of $2,718.75.

### Conclusion

The Davis Plaintiffs are awarded an additional $2,718.75 in attorneys' fees for the work of Cheryl Olson.

SIGNED January 15, 2014.

\_\_/s/_____
JERRY E. SMITH
UNITED STATES CIRCUIT JUDGE


\_\_/s/_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE


\_\_/s/_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE